```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


RICKY JOHNSON (#475625)
A/K/A RICKY PARKER                          CIVIL ACTION

VERSUS                                      NUMBER 08-261-JJB-SCR

CHAD LEE, ET AL
```

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 25, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RICKY JOHNSON (#475625)
A/K/A RICKY PARKER                          CIVIL ACTION

VERSUS                                      NUMBER 08-261-JJB-SCR

CHAD LEE, ET AL


MAGISTRATE JUDGE'S REPORT

Before the court on the petition of Ricky Johnson a/k/a Ricky Parker for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count armed robbery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on August 2, 2005. Petitioner was adjudicated a habitual offender and was sentenced to 20 years imprisonment at hard labor without benefit of probation, parole or suspension of sentence in the custody of the Louisiana Department of Public Safety and Corrections.

The Louisiana First Circuit Court of Appeal affirmed the conviction and sentence. *State of Louisiana v. Ricky Johnson*, 06-0508 (La. App. 1st Cir. 9/15/06), 936 So.2d 885 (unpublished opinion). Petitioner filed an untimely application for a writ of certiorari in the Louisiana Supreme Court on January 5, 2007.[1] The

---

[1] Petitioner signed his writ of certiorari on January 5, 2007, it was post-marked January 8, 2007, and was stamped received by the
(continued...)

1

Louisiana Supreme Court denied review on November 2, 2007. *State ex rel. Ricky Parker, a/k/a Ricky Johnson v. State of Louisiana*, 2007-0270 (La. 11/2/07), 966 So.2d 598.

Petitioner signed his federal habeas corpus application on February 6, 2008, and it was filed in the United States District Court for the Western District of Louisiana on February 29, 2008.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules

---

[1](...continued)
Supreme Court on February 7, 2007. For purposes of determining timeliness, the petitioner was given the benefit of the earliest date.

governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on October 15, 2006.[2] His untimely writ application to the Louisiana Supreme Court did not interrupt the time to file a federal habeas corpus application. *See Wardlaw v. Cain*, 2008 WL 3319730, No. 06-30803 (5th Cir.

---

[2] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.
  Under Louisiana Supreme Court Rule X, § 5(a), the petitioner had 30 days to file his application for a supervisory writ to the Louisiana Supreme Court. The rule provides as follows:
> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted.

Petitioner failed to comply with Louisiana Supreme Court Rule X, § 5(a) by filing an application for a supervisory writ with that court within 30 days after the intermediate appellate court affirmed his conviction. Rule X, § 5(a) expressly prohibits an extension of the 30-day period.

8/12/2008)(untimely filed post-conviction relief application not "properly filed" under §2254(d)(2)). Petitioner did not seek state post-conviction relief. By the time the petitioner filed a federal habeas corpus application, the limitations period had already elapsed.[3] Petitioner's federal habeas corpus application was not timely filed.[4]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, August 25, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] Although the entire state court record was not filed in response to the court's May 1, 2008 order, the portions of the state court record produced are sufficient to determine whether the petitioner's federal habeas corpus application is timely. Moreover, the dates relied upon to determine timeliness are undisputed by the petitioner.

[4] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).